UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CASSIUS DEAR,

Plaintiff,

v.

LAPORTE COUNTY JAIL,

Defendant.

CAUSE NO. 3:26-CV-436-JD-APR

OPINION AND ORDER

Cassius Dear, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Dear alleges that he has been incarcerated at the LaPorte County Jail since November 2025. Prior to his incarceration, he was diagnosed with stage 4 cancer affecting his lungs and brain. He was taking Lorbrena daily to control his cancer. The jail did not stock Lorbrena, so Dear was told to have a family member deliver the medication to the jail. Dear had his friend deliver the medication, but he still did not receive it. When he asked about it, he was told it was lost. After about a month, the

medication was found and Dear began receiving it. Since then, Dear's oncologist has been refilling the medication through a specialty pharmacy and shipping it, but last month a nurse told Dear that he needed to contact his family because he had received his last refill. The nurse indicated that the medication was too expensive, and the jail would not pay for it. The medication is now depleted, and Dear reports that he is not receiving any alternative medication to control his cancer.

Because Dear is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Dear names only one defendant: the LaPorte County Jail. He may not proceed against the LaPorte County Jail because it is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). However, giving Dear the benefit of all inferences, as is required at this stage, he has stated a claim for prospective injunctive relief. The Sheriff of LaPorte County will be added as a defendant because he is in the position to provide the relief requested. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

For these reasons, the court:

(1) DIRECTS the clerk to add the LaPorte County Sheriff in his official capacity as a party to this action;

(2) GRANTS Cassius Dear leave to proceed against the LaPorte County Sheriff in his official capacity to provide injunctive relief in the form of constitutionally adequate treatment for Dear's stage four cancer, as required by the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES LaPorte County Jail;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Sheriff of LaPorte County at LaPorte County Sheriff's Department, with a copy of this order and the complaint (ECF 1);

(6) DIRECTS the clerk to separately docket the complaint as a motion for a preliminary injunction;

(7) DIRECTS the clerk to email a copy of the same documents to the Sheriff of LaPorte County at the LaPorte County Sheriff's Department;

(8) ORDERS the Sheriff of LaPorte County to acknowledge receipt of the email;

(9) DIRECTS the clerk to docket receipt of the acknowledgement;

(10) **ORDERS the Sheriff of LaPorte County to file and serve a response to the request for preliminary injunction contained in the complaint, as soon as possible, but not later than <u>April 23, 2026,</u>** (with supporting documentation and declarations from other staff as necessary) describing and explaining how Cassius Dear is receiving constitutionally adequate treatment for his stage four cancer; and

(11) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Sheriff of LaPorte County to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 2, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4